**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARDEEP KUMAR, | No. 10-72744 |
| Petitioner, | Agency No. A099-864-614 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BOLTON, District
Judge.[***]

Hardeep Kumar petitions for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The BIA dismissed the appeal by upholding the IJ's adverse credibility determination based on Petitioner's demeanor; the inconsistent, unresponsive, and implausible nature of his testimony; and lack of corroborating evidence. These findings are supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1045–48 (9th Cir. 2010). Because Petitioner did not testify credibly, he did not satisfy his burden to establish that he was persecuted in the past or faced a threat of persecution if returned to India. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011). Petitioner therefore also did not satisfy the higher burden to establish a right to withholding of removal. *See Ling Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014). Because Petitioner's CAT claim is based on the same testimony and evidence found to lack credibility, and because no other evidence in the record compels the finding that he would more likely than not be tortured if returned to India, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**